UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. RONALD HAYWARD, ET AL, Defendants. | Case No.: 3:20-cr-00743-GPC<br><br>**ORDER GRANTING MOTION FOR REVIEW OF ORDER OF DETENTION.**<br><br>**[ECF Nos. 71, 72.]** |
|---|---|

Before the Court is Defendant Ronald Hayward's motion to review a detention order set by Magistrate Judge Barbara Lynn Major. Having reviewed the moving papers, applicable law, and the record in this case, the Court elects to proceed without hearing and **GRANTS** the appeal of detention order upon the record.

**I.     Procedural Background**

Defendant was arrested on January 30, 2020. *See* (Docket, Case No. 20-cr-00743.) Defendant and his co-defendants are the subjects of a six-count Information, of which Counts One, Two, and Three charge Defendant with "knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine" on June 5, 2019, July 3, 2019, and July 10, 2019, respectively. (ECF No. 41 at 1–2.)

Defendant first appeared before the Magistrate Judge on February 4, 2020 for a bail hearing. (ECF No. 28.) Upon the Government's oral motion, the Magistrate Judge

detained Defendant and found that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. (ECF No. 33 at 4.)

On May 15, 2020, Defendant filed a motion before the Magistrate Judge to reconsider the detention order, which the Government opposed. (ECF Nos. 64, 65.) On June 2, 2020, the Magistrate Judge denied bail and affirmed the detention order, stating:

> After a contested detention hearing, the Court detained Defendant Hayward without bail relying primarily on the presumption of detention, Defendant's significant criminal history, including prior failures to appear for court and supervision violations, and Defendant's history of drug abuse. Defendant argues that he should be release on a $10,000 bond secured by $500 cash and the signatures of two family members. Defendant wants to live with the sureties and obtain drug treatment. The government opposes the motion, focusing on Defendant's extensive criminal history and lengthy history of drug use. Given Defendant's extensive criminal history, failures to appear, and supervision violations, as well as his lengthy history of drug abuse, which apparently affected his willingness to comply with court orders, the Court finds the suggested bond terms insufficient and that there are no conditions that can reasonably assure his appearance in court as required. This determination is further supported by the facts that Defendant does not have a job, Defendant had been transient prior to his arrest, and there are minimal, if any, drug treatment options available at this time. Defendant also has not established that he is amenable to residential drug treatment or that such treatment is available. The fact that bond was set for Defendant's co-defendants is irrelevant as the Court is focusing on this defendant's individual characteristics. Defendant's motion is denied.

(ECF No. 67.)

On June 30, 2020, Defendant filed an Appeal of Magistrate Judge Decision with this Court, seeking review of the detention order issued by the Magistrate Judge. (ECF No. 71.) On July 7, 2020, the Government filed an opposition. (ECF No. 72.)

## II.     Applicable Standards

18 U.S.C. § 3145(a) provides "[i]f a person is ordered released by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The motion shall be

determined promptly." A district judge reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

The Court may decide the motion on the papers and documents before the Court without a hearing. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir. April 30, 2020); *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention). The Court finds this matter is suitable for determination without a hearing.

### III.   Summary of Positions

Magistrate Judge Major found that the following factors supported an order of detention: prior criminal history including various failures to appear, a lengthy history of drug use, Defendant's transience and lack of employment, and the relative unavailability of drug treatment at this time. (ECF No. 67.)

Defendant argues that conditions of pretrial release should be set for the following reasons. First, Defendant characterizes his criminal history the result of his drug use and asserts that he poses no harm to others. (ECF No. 71 at 8 (positing that Defendant's history "shows a recurring pattern of self-destructive use of diminishing seriousness to everyone except Mr. Hayward")). Second, Defendant highlights the difficulty he has experienced in communicating with counsel while detained. (ECF No. 71 at 9.) Third, Defendant describes his intended living conditions if released, including that (a) he would be employed in the care of horses and (b) that he would reside in Lakeside with his son, grandchildren, the mother of his son, and her domestic partner, who is the owner of the residence. (*Id.* at 7, 9.)

Defendant also argues that he should be released based on the COVID-19 pandemic and the risks associated with being incarcerated. Defendant emphasizes that he is a high-risk individual who should not be held in custody during the COVID-19 pandemic given his medical conditions, which include Hepatitis C, chronic liver disease, right leg cellulitis, anemia, "[m]ild aortic sclerosis," and "[m]ild left atrial enlargement."

1  (ECF No. 71 at 8–9; ECF No. 71-1 at 22, 23.)

2  The Government argues that the 18 U.S.C. § 3142(g) factors in this case have not
3  changed "in the weeks since the [the Magistrate] ordered Defendant detained." (ECF No.
4  72 at 2.) The Government asserts that (1) § 3142(e)(3) creates a presumption of
5  detention; (2) the weight of the evidence is significant given each alleged transaction was
6  recorded by an undercover officer; (3) Defendant has "significant prior criminal history,
7  including prior failures to appear and probation violations;" (4) that drug counseling is
8  "not available or extremely limited due to the pandemic;" and (5) that "Defendant has
9  also been transient for a significant period of time and has no financial resources or
10 steady employment." (*Id.* at 3.) The Government also argues that "[n]othing about
11 COVID-19 materially changes Defendant's incentives to flee," and alone cannot be the
12 basis of granting release because bail determinations require an individualized
13 assessment. (*Id.* at 2, 4.)

14 **IV.   Analysis**

15 As an initial matter, the Court recognizes that the COVID-19 pandemic presents
16 significant public health concerns. It has proven to be particularly deadly for certain
17 groups without regard to age or prior physical condition. It appears to affect certain racial
18 and ethnic groups more than others. Due to a number of factors, containing COVID-19
19 has been particularly difficult. Meanwhile, the entire science community is working
20 around the clock to discover treatments and a vaccine for COVID-19. Without a vaccine,
21 attempts to contain the spread of COVID-19 have turned to social distancing and wearing
22 masks. Given the nature of detention facilities, social distancing has been difficult to
23 practice in the facilities.

24 The Court finds that it is appropriate to take into account the risks of harm created
25 by COVID-19, the challenges experienced in containing it in detention facilities and the
26 mental effect that it has on individuals that are housed in these facilities. The COVID-19
27 pandemic does not, however, require that all pretrial detainees be released on bail or on
28 their own recognizance. Ultimately, the Court is required to conduct an individualized

analysis under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, -- F. Supp. 3d--, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.").

Under 18 U.S.C. § 3142(g), the Court's individualized analysis considers the following factors in determining whether to grant release:

1. <u>Nature and Seriousness of the Offense</u>.

Mr. Hayward is charged with the distribution of methamphetamines on three occasions in violation of 21 U.S.C. § 841(a)(1). Defendant's alleged offense carries with it a maximum of twenty years in custody, and thus this factor weighs in favor of detention. Also, it is presumed that "no condition or combination of conditions of release will reasonably assure the presence of the person as requires and the safety of the community" given the offense at issue. 18 U.S.C. § 3142(e)(3).

2. <u>Weight of the Evidence Against the Defendant</u>.

Here, the Government asserts that the weight of the evidence is strong because the "three transaction were conducted by an undercover officer and were recorded." (ECF No. 72 at 3.) This factor weighs in favor of detention, though it is the "least important of the various factors" in the Court's analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

3. <u>Mr. Hayward's History and Characteristics.</u>

a. <u>Family and Community Ties</u>.

Mr. Hayward has strong family and community ties to the San Diego area. His son, grandchildren, the mother of his son, and her domestic partner all live in Lakeside, CA at the property where he intends to reside if released. (ECF No. 71 at 9; *see also* ECF No. 71-1 at 15.) This factor weighs in favor of release.

In addition, Defendant seeks his release on a personal surety bond of $20,000 secured by the signature of the mother of his son and her domestic partner with a cash

deposit of $2,500. (ECF No. 71 at 9.) One surety has a gross annual income of $77,619.55 and other earns approximately $1,700 per month. (*Id.* at 7.) The sureties also own the property where Defendant intends to reside, which is valued at $602,490 with only $73,341.68 remaining on the mortgage. (ECF No. 71-1 at 2–10.) Their commitment to serve as sureties also militates against detention.

### b. Physical and Mental Condition.

Mr. Hayward has significant medical conditions. As indicated by the diagnoses in medical documents provide to the Court, Mr. Hayward suffers from several conditions, including Hepatitis C, chronic liver disease, right leg cellulitis, anemia, "[m]ild aortic sclerosis," and "[m]ild left atrial enlargement." (ECF No. 71 at 8–9; ECF No. 71-1 at 22, 23.) Mr. Hayward is also 58 years old. (ECF No. 71 at 5.) The confluence of these conditions gives rise to the inference that he faces an increased risk of serious harm if he were to contract COVID-19.[1] Thus, this factor weighs in favor of release.

### c. Financial Resources.

Mr. Hayward does not have significant financial resources. However, his sureties intend to house and employ him to "tak[e] care of the horses that are corralled on the property." (ECF No. 71 at 7; *see also* ECF No. 71-1 at 14 (images of horses on property)). Hence, this factor weighs in favor of release.

### d. Length of Residence.

The Court is unaware of how long Mr. Hayward has resided in San Diego County, though the Court notes Defendant has been "transient" for some time. (ECF No. 67.) Notably, however, that transience will end with his relocation to Lakeside upon release. Defendant will be bound to his family's home with GPS monitoring and thus the Court finds that this factor weighs in favor of release.

---

[1] Ctrs. for Disease Control and Prevention, Cases of Coronavirus Disease (COVID-19) in the U.S. (last visited April 26, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#serious-heart-conditions.

e. Drug abuse.

Mr. Hayward's criminal history demonstrates a proclivity for drug use. The instant charges, moreover, arise from the sale of drugs. The Court also finds that, as the Government suggests, drug treatment may be more difficult to obtain during the pandemic. (ECF No. 72 at 3.) Hence, this factor weighs in favor of detention.

f. Criminal History & Record of Prior Appearances.

The Government calls attention to Mr. Hayward's "significant prior criminal history, including prior failures to appear and probation violations, many that appeared to be related to his history of drug use." (ECF No. 72 at 3.) Defendant's uncontradicted recitation of that history, however, shows largely non-violent offenses (e.g., a conviction for speeding in 2011) or offenses that are dated (e.g., two convictions for restating arrest or evading the police in 2000 and 2001, five citations for contempt on or before 2011). (ECF No. 71 at 8.) Defendant's other arrests seems directly tied to drug use, and only a few are recent. (*Id.*) And, the Government does not specify the date or nature of the alleged failures to appear and probation violations.

As such, the Court is not convinced that this criminal history, even if lengthy, supports a finding that Mr. Hayward is such a risk to the community that he must be detained pre-trial. Rather, as the Parties acknowledge, Defendant's criminal history seems largely the result of his associations with drugs. (ECF No. 71 at 8 (noting that Defendant's history "shows a recurring pattern of self-destructive use of diminishing seriousness to everyone except Mr. Hayward"); ECF No. 72 at 3 (". . . many that appear to be related to his history of drug use.")) Consequently, the Court finds that this factor does not weigh in favor of detention and that the use of drugs can be adequately prevented and managed through pre-trial services and the conditions of his release.

h. Danger to Any Person or the Community.

Mr. Hayward's criminal record evinces little conduct to support a finding that he is a danger to the community. At most, it appears he was arrested for assault in 2019 and for resisting arrest in 2000 and/or 2001. There is no indication that he has been convicted of

such offenses, or of other violent conduct, recently. If Mr. Hayward's motion is granted, moreover, he will be confined to home arrest with his family and not exposed to situations that might prompt such behavior. Rather, the availability of family members to house and care for him, the proposed personal appearance bond, and further restrictions imposed by the Court will assure the attendance of Defendant at all future court hearings and that he not pose a risk to the community.

In sum, the Court finds that the 18 U.S.C. § 3142(g) factors do not support detention. Given the heightened risk posed by COVID-19 to Mr. Hayward in light of his demonstrated medical conditions, the financial support and housing provided by close family members who intend to serve as sureties, the lack of recent violent criminal convictions, and the restrictions to be imposed on Mr. Hayward, the Court finds the Mr. Hayward's conditions of release are sufficient to assure the attendance of Defendant at all future court hearings and protect the community.

Therefore, the Court **GRANTS** the Defendant's request for review of Order of Detention. The Court will separately issue an order setting out the conditions of release.

**IT IS SO ORDERED.**

Dated:  July 9, 2020

Hon. Gonzalo P. Curiel
United States District Judge